### 13913. RAUSCHENBERG v. PEEPLES.

1. It is the duty of the court to construe unambiguous contracts. Civil Code (1910), § 4265; *Pidcock* v. *Nace*, 15 *Ga. App.* 794 (3) (84 S. E. 226).

2. "Where a written contract is plain and unambiguous, it is the only evidence of what the parties intended and understood by it." *Crawford* v. *Cathey*, 143 *Ga.* 403, 405 (85 S. E. 127); *Belle Greene Mining Co.* v. *Tuggle*, 65 *Ga.* 653 (3); *Andrews* v. *Stulb*, 145 *Ga.* 826 (1) (90 S. E. 59); *Foote & Davies Co.* v. *Southern Wood Preserving Co.*, 11 *Ga. App.* 164, 166 (74 S. E. 103); *Pidcock* v. *Nace*, 15 *Ga. App.* 794 (3), 797 (84 S. E. 226).

3. "'When a contract appears to have been reduced to writing, before parol evidence can be admitted to show a collateral agreement it must appear, either from the contract itself or from the attendant circumstances, that the contract is incomplete and that what is sought to be shown as a collateral agreement does not in any way conflict with or contradict what is contained in the writing.' *Forsyth Mfg. Co.* v. *Castlen*, 112 *Ga.* 199 (6) (37 S. E. 485, 81 Am. St. Rep. 28); *Brosseau* v. *Jacobs' Pharmacy Co.*, 147 *Ga.* 185 (2) (93 S. E. 293); *Westbrook* v. *Griffin*, 24 *Ga. App.* 808 (102 S. E. 453)." *Jones* v. *Fuller*, 27 *Ga. App.* 84 (1) (107 S. E. 544).

4. "Where a contract is entire, part of which is in writing and part in parol, the written part can not be varied by parol evidence in the absence of fraud, accident, or mistake." "To bring a case within the rule admitting parol evidence to complete an entire agreement, of which the written contract is only a part, it is essential that the parol

evidence be consistent with and not contradictory of the written instrument. *Forsyth Mfg. Co.* v: *Castlen*, 112 *Ga.* 199." *Johnson* v. *Nisbet*, 137 *Ga.* 150, 152 (72 S. E. 915, 916); Civil Code (1910), § 5791.

5. "All oral negotiations between parties to a written contract, which either preceded or accompanied the execution of the instrument, are to be regarded as merged in, or extinguished by it; and the writing is to be treated as the exclusive medium of ascertaining the agreement to which the contractors bound themselves." *Logan* v. *Bond*, 13 *Ga.* 192 (3); *Arnold* v. *Malsby*, 120 *Ga.* 586 (1) (48 S. E. 132); *Capps* v. *Edwards*, 130 *Ga.* 146 (3) (60 S. E. 455).

6. The clause of the contract toward which the amendment to the petition was directed was neither ambiguous in itself nor rendered so by a consideration of the writing as a whole, and the court did not err in striking the amendment, upon the demurrer interposed thereto. If the writing did not express the whole agreement between the parties, or if other stipulations were in themselves ambiguous, this did not affect, in the particular contract, the clear provision which was sought to be explained. The explanation was neither necessary nor permissible.

7. Whether the part of the amendment adding to the petition the new paragraph 14 be construed as an attempt either to explain an alleged ambiguous writing or to plead a mutual temporary disregard of the contract, under the provisions of § 4227 of the Civil Code, it was a mere conclusion of the pleader, unsupported by specific allegations of fact, and was subject to the special demurrer interposed thereto.

8. There is no reference in the brief of the plaintiff in error to the general grounds of his motion for a new trial. None of the charges or rulings were erroneous for any of the reasons assigned. The overruling of the motion for a new trial is therefore affirmed.

DECIDED JUNE 25, 1923.

Complaint; from Fulton superior court — Judge Ellis. August 17, 1922.

M. L. Rauschenberg filed a suit against Mrs. Robyn Young Peeples for $800 alleged to be due him " by reason of the following facts, to wit:

" 3. Defendant, on June 15, 1920, was, and now is, the owner of " a described tract of realty.

" 4. On said date, to wit, June 15, 1920, defendant, acting by and through her husband, E. A. Peeples, entered into a contract with petitioner for the erection of a stone bungalow on said real estate.

" 5. A copy of said contract is hereto attached, marked Exhibit ' A,' and made a part of this petition.

" 6. In said contract the said E. A. Peeples, husband of the defendant, was acting as agent and representative of defendant, and in all matters relating to said contract acted for his said wife, and with her approval, consent, and ratification.

" 7.  Under the terms of said contract plaintiff built for defendant a stone bunglow on the property therein referred to.

" 8.  Plaintiff fully completed his contract, and upon the completion of same demanded of defendant payment for his services as a contractor, to wit, ten per cent. on $8,000, and defendant refused and now refuses to pay the same.

" 8.  On October 20, 1920, plaintiff filed and had recorded in the office of the clerk of the superior court of Fulton county, Ga., his claim of lien in the sum of $800 on said property, a copy of which claim of lien, marked Exhibit ' B,' is attached to and made a part of this petition.

" 9.  After the building was begun and during the progress thereof, defendant, acting through her said husband, E. A. Peeples, gave verbal instructions to plaintiff to make certain alterations in the plans and work, and certain additions thereto which increased the cost of the building and caused the same to run beyond the original contract maximum figure of $8,000.

" 10.  Said building cost the original maximum sum of $8,000 plus the cost of the changes and alterations and additions directed by defendant.  Petitioner, however, claims his commission of ten per cent. on only the original contract figure of $8,000, to wit $800, and alleges that he has fully complied with said contract and has earned said commission of $800 and is entitled thereto."

The contract was as follows:

" State of Georgia, County of Fulton.

" This agreement made and entered into this 15th day of June, 1920, between E. A. Peeples, party of the first part, and M. L. Rauschenberg, party of the second part, witnesseth:   That the said M. L. Rauschenberg has agreed to construct a stone bungalow for said E. A. Peeples, located on Fourteenth street, near the corner of Piedmont Avenue.  Said M. L. Rauschenberg is to lay out all work, buy all material, and give such personal supervision to every part and detail of the work as may be necessary to a faithful execution of workmanship.  Said E. A. Peeples is to pay for all material and labor entered in construction of same, and to furnish pay-rolls every Saturday.

" All framing lumber is to be of the best grade; all interior trim A-grade machine sanded and to be put up with all joints even and in first-class workmanship manner.  *Floors*:   Living room

and dining room, oak, balance B-pine. *Painting*: (a) Exterior, 3 coats best grade linseed oil and lead. (b) Interior, stained and enameled to suit. *Plumbing*: Bath tub, wash basin and toilet in bath room, one piece sink in kitchen, servants' toilet, hot and cold water connections, hydrant in front and rear yard. *Wiring*: Cutouts and switches wherever wanted. Electric fixtures and mantels to selection. *Roofing*: Best grade composition, green.

"For and in consideration of services and execution of this contract by said Rauschenberg, the said E. A. Peeples agrees to pay him a percentage of 10% on the total cost of the entire building, walks and yards and grading, and all costs that may be attached to the completion of said stone bungalow. Total cost including commission not to exceed $8,000."

"Signed, this 15th day of June, 1920, by

"E. A. Peeples,

"M. L. Rauschenberg."

Subsequently an amendment to the petition was offered, containing among others the following allegations:

"Par. 13. Plaintiff shows that said contract was made under the following circumstances: Defendant desired plaintiff to build for her a stone bungalow at an estimated cost of $8,000. The contract sued upon was drawn up by plaintiff and presented to E. A. Peeples, husband and representative of defendant. The latter objected to the contract as drafted, on the ground that it did not put a limit on the cost or the commission of the contractor. Plaintiff stated that he estimated the cost would not exceed $8,000, according to the price of labor and material at the time, and that he was willing to limit his commission to 10% of $8,000, or $800. Plaintiff alleges that it was the intention of both parties, by the words added to the last paragraph of the contract, to wit: 'Total cost including commission not to exceed $8,000,' to limit the commission to 10% of the estimated cost of the house, to wit: $8,000.

"Par. 14. Plaintiff shows that said contract was construed and acted upon by both parties at all times after its execution as a percentage or cost-plus contract, with the cost estimated at $8,000 and the commission limited to $800, and not as a lump-sum contract or positive agreement to build for a definite sum.

"Par. 15. Plaintiff shows that said contract was made at a time when the cost of building materials was constantly increasing

and wages rapidly advancing, and that thereby the total cost of the building was increased beyond the amount estimated by the contracting parties, but that the materials bought were purchased at the present market prices as needed, and the labor employed was paid the current and customary prices per hour."

After the amendment had been allowed subject to demurrer, a demurrer was interposed to the parts set out above, upon substantially the following grounds:

1. To paragraph 13 down to the words " Plaintiff alleges that it was the intention," on the ground that it was an effort to add to and vary the written contract between the parties.

2. To the last sentence of paragraph 13, on the ground that there is no allegation that there was a failure to express in the contract as actually executed what was the intention of the parties, by reason of fraud, accident, or mistake, and because the amendment is merely an effort to impute to the parties an intention contrary to the plain language of the contract itself.

3. " To the 14th paragraph of said amendment, upon the same grounds as those set forth in paragraph 2 of this demurrer. Further because the said 14th paragraph is a mere vague, general statement of a conclusion of the pleader, unsupported by specific allegations of fact as to when the alleged construction and action on the part of the defendant occurred, how it was manifested, or how it was acted upon by defendant. Further because the effect of the allegations of said paragraph 14 would amount to an allegation of a rescission of the written contract actually entered into by the parties and declared upon by plaintiff in his original petition, and the substitution of a different contract therefor, without even allegation of time, place, or circumstances of such rescission and substitution.

4. " To paragraph 15 of said amendment, because the contract, copy of which is attached to the original petition, shows on its face that it was a contract on the part of plaintiff to construct the building, lay out all work, buy all material, and give personal supervision to every part and detail of the work, and expressly provided that the total cost of the building, including commission, was not to exceed $8,000. Defendant says that the fact, if it be a fact, that during the carrying out of the contract the cost of building material increased and wages advanced, thereby increas-

ing the total cost of the building beyond the $8,000, is not material as to the liability of this defendant.

The demurrer was sustained and the parts of the amendment referred to were stricken. The plaintiff excepted pendente lite to the action of the court in sustaining the demurrer, and now assigns error thereon.

The defendant set up a breach of the contract by the plaintiff and sought to recoup therefor. It was alleged in the answer that as the house was nearing completion it was discovered by the defendant that the cost would exceed the contract price of $8,000, and that when she had finished it according to the agreement originally made with the plaintiff the total cost amounted to $9,482.27 exclusive of any commission to the plaintiff. She prayed to recover of the plaintiff the difference, to wit, $1,482.27, plus $72 on account of a certain stone " belonging to her for which the plaintiff has not accounted." The jury returned a verdict in favor of the defendant for $1,256.27. The plaintiff filed a motion for a new trial. The special grounds consisted of exceptions to rulings upon evidence, to certain instructions given to the jury, and to the refusal of requests to charge, all of which present the same question raised by the exceptions to the sustaining of the demurrer to the plaintiff's amendment.

  *William A. Fuller,* for plaintiff.

  *Tye, Peeples & Tye,* for defendant.

BELL, J. Applying the principles announced in the headnotes, there was no error in sustaining the demurrer to the part of the amendment set forth in the statement of the facts. It follows that none of the rulings or charges were erroneous for any of the reasons assigned. The general grounds of the motion are not referred to in the brief, and therefore are treated as abandoned.

  *Judgment affirmed. Jenkins, P. J., and Stephens, J., concur.*