## 21370. MISSOURI PAINT AND VARNISH CO. *v.* BAINBRIDGE VARIETY WORKS.

DECIDED MAY 12, 1931.

*John R. Wilson, W. H. Miller,* for plaintiff.

*G. G. Bower,* for defendant.

LUKE, J. Missouri Paint & Varnish Company brought suit against Bainbridge Variety Works, a partnership composed of J. R. Godwin, H. W. Martin, G. W. Deese, and W. L. Lamb, for damages for an alleged breach of contract, alleging that by a signed contract of purchase executed to the plaintiff by the Bainbridge Variety Works, certain goods were contracted for which the plaintiff furnished and delivered to the carrier, to be delivered to the defendants, the plaintiff thus fully performing the contract to be performed on its part; but that defendants refused to accept delivery of the goods and to pay for them, thereby damaging plaintiff in the amount of the contract price of the goods, in addition to the freight and demurrage charges. Defendants answered denying all liability and averring that the alleged contract was not signed by the partnership, or in its behalf, but by J. R. Godwin only, in his individual capacity; that the contract was procured by fraud; and that the partnership was not bound, because the alleged purchase was beyond the scope of the partnership business.

A general and special demurrer interposed to the original plea and answer, as well as to the plea and answer as amended, was

overruled upon all grounds assigned, except as to certain allegations showing what the partnership, during its existence, had bought and sold, and what they had used in beautifying and preserving their property. Exceptions pendente lite to this ruling were filed.

On the trial of the case the plaintiff having produced and proved the written contract, together with other pertinent facts necessary to make out a case, the defendants contended that the partnership was not bound by the written contract, and that it was procured by fraud, and was not within the scope of the partnership business. The trial resulted in a verdict and judgment for the·defendants.

Numerous exceptions were taken to rulings on objections as to the admissibility of certain oral testimony. These rulings, together with an objection to a portion of the court's charge to the jury, are assigned as error in the motion for a new trial.

The defendant's plea and answer as amended contains, among others, the following allegations: "(f) Defendants show that W. R. Lyverse came to his place of business and offered to sell the Bainbridge Variety Works said paints, etc., the purchase-price of which is herein sued for, but the said J. R. Godwin stated to said Lyverse that he had no authority to buy said paints and could not bind and make liable the company of the said Bainbridge Variety Works for such purchase, and that he, Godwin, had no right to sign the company's name to said contract sued on; that buying and selling paints was without the scope and not legitimately connected with the partnership business. Thereupon the said Lyverse requested the said J. R. Godwin to sign the same individually, to act as the agent for the said Lyverse, allowing the paints, etc., to be shipped in said Godwin's name to Bainbridge, Georgia, and to warehouse the same on the property of Bainbridge Variety Works, the said Lyverse agreeing to pay the freight on the said merchandise when the same reached Bainbridge. Lyverse stated that it would be necessary for Godwin to sign the contract or order to have this done; whereupon the said Godwin signed the same in his individual capacity and as an individual, as agent of the said Lyverse, in the following words and language: 'J. R. Godwin.' The said Bainbridge Variety Works never entered into the transaction in any way, means, manner, or form, through or by J. R. Godwin or any other member or partner of the said

partnership. That by endeavoring to make the within company and partners responsible, a fraud is being forced on them." Plaintiff in error insists that its general and special demurrer to these allegations should have been sustained, for the reasons: "(a) that the same purports to show a parol conversation which occurred between J. R. Godwin and one W. R. Lyverse (agent of the plaintiff) before the signing of the alleged contract, on the grounds that the same are contradictory of the written contract and in conflict with the terms of the written contract; and (b) because any conversations that the said Lyverse might have had with Godwin before they entered into the contract, are, under the law, regarded as merged in or extinguished by the written contract; and (c) because the written contract is, under the law, treated as the exclusive medium of ascertaining the agreement to which the contractors bound themselves; and (d) because the attempt of the defendant, by his amendment, to explain a written contract was a mere conclusion of the pleader, unsupported by any specific allegations of fact, and was subject to the demurrer interposed thereto by the plaintiff in error; and (e) because the general allegations in the defendant's plea and answer, attempting to set up fraud in the procurement of the contract, do not allege specific facts constituting fraud, and should have been stricken on plaintiff's demurrer."

In *Dozier* v. *Davison,* 138 *Ga.* 190 (2) (74 S. E. 1086), this language occurs: "A plea which sought to substitute a parol contract for the written was properly stricken on motion." The second headnote of *Rauschenberg* v. *Peeples,* 30 *Ga. App.* 384 (118 S. E. 409), reads: "Where a written contract is plain and unambiguous, it is the only evidence of what the parties intended and understood by it." In *City of Moultrie* v. *Schofield's Sons Co.,* 6 *Ga. App.* 464 (3) (65 S. E. 315), this statement occurs: "Where a plea of fraud, stripped of conclusions of law, fails to set forth specific facts amounting to fraud, it may properly be stricken on demurrer." Upon the authority of these cases, and numerous others to the same effect, we think it clear that the trial judge committed reversible error in overruling the plaintiff's demurrers to these portions of the defendant's plea and answer, and in failing to strike these allegations. While we think it is also apparent from the record that the trial judge erred in certain of his rulings upon the plaintiff's as well as the defendant's objections as to the ad-

missibility of testimony upon the trial, as insisted upon the motion for a new trial, yet as the identical testimony may not be adduced upon another trial, it is deemed unnecessary for this court to point out specifically such errors.

*Judgment reversed. Broyles, C. J., and Bloodworth, J., concur.*